UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOWARD J. NEEDLE,

                Plaintiff,

vs.                              Case No.  2:06-cv-74-FtM-99SPC

JAMES L. HAMMERBACHER; LINDA A.
HAMMERBACHER,

                Defendants.

_____

**<u>OPINION AND ORDER</u>**

      This matter comes before the Court on plaintiff's Supplemental Motion for Entry of Default Judgment (Doc. #14), filed on July 24, 2006.  Plaintiff also filed a Memorandum in Support (Doc. #15) and Affidavit (Doc. #16).  No response has been filed and the time to do so has now expired.  The Court finds that with additional documentation, an evidentiary hearing is not required in this case and will render a decision based on the documents submitted and to be submitted.

**I.**

     "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . .  A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true."  <u>Nishimatsu Constr. Co., Ltd., v.</u>

Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations omitted).[1]

On February 3, 2006, plaintiff Howard J. Needle, an attorney in Maryland, filed a Complaint (Doc. #1) against defendants James L. Hammerbacher and Linda A. Hammerbacher (defendants collectively), citizens of Florida, for failure to pay attorney's fees, plus interest and costs, pursuant to a Fee Agreement in excess of $100,000.

Defendants entered into the Fee Agreement in Maryland to retain and employ plaintiff to represent them in litigation against Franklin W. Prettyman, Sr. and Dr. Marvin E. Neilson and others as a result of flood damage to property.  (Doc. #1-2, ¶ 1.)  The lawsuit in the Circuit Court for Caroline County, Maryland, went to trial and lasted 5 days.  (Doc. #1-1, ¶ 3.)  Plaintiff also represented defendants on appeal to the Court of Special Appeals of Maryland.  (Id.)  The case ultimately settled.  (Id.)  Defendants did not pay the monies due and owing under the Fee Agreement.  (Id. at ¶ 6.)

The Fee Agreement was signed and entered into by all parties; it provides for an hourly fee payment at a rate of $100.00 an hour; a post-filing contingency fee at a rate of 33⅓% of any recovery;

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

costs and expenses; and a monthly service charge at a 12% per annum rate on any unpaid balance.  (Doc. #1-2, ¶¶ 4-5.)

**II.**

As plaintiff's claims against defendants are for a sum certain, or a sum which can by computation be made certain, plaintiff filed, pursuant to Fed. R. Civ. P. 55(b)(1), the instant motion for entry of a default judgment. (Doc. #14).  The Court finds that the motion is due to be granted as to the costs, expenses, and service charge, however, additional information will be required as to the attorney's fees.

**A.**

Plaintiff seeks "at least $100,000 in hourly fees, plus one third of the [$5,000] settlement, none of which has been paid." (Doc. #16 at ¶ 2.)  Plaintiff does not provide a billing statement or a breakdown of the actual hours expended for the trial and the appeal to support the $100,000.00 attorney fee request, and therefore the amount is unverifiable.  Additionally, the Court notes that the Fee Agreement provides "the Attorney shall not be required to file or pursue any post-judgment motions for relief, new trial or appeal beyond the Circuit Court level on behalf of Clients . . . . an additional agreement shall be entered into for that purpose."  (Doc. #1-2 at ¶ 3.)  No additional agreement has been provided and the fees requested purportedly encompass trial and appellate fees.   "The ordinary rule of construction of

contingent fee contracts is that, in the absence of an express
provision which addresses possible appeal, services rendered by an
attorney in upholding a judgment on appeal are within the
undertaking under the contingent fee contract." Attorney Grievance
Comm'n of Maryland v. Korotki, 569 A.2d 1224, 1232 (Md. 1990).  In
this case, an express provision specifically excluded post-judgment
services.   Therefore, plaintiff will be required to provide
additional documentation as to the fees.

### B.

Plaintiff also seeks "reasonable counsel fees" for having
filed suit to collect fees and expenses pursuant to Paragraph 7 of
the Fee Agreement.  (Doc. #16 at ¶ 5.)  Plaintiff again provides
that the amount should be "at least $2,500.00" without any
supporting documents. Id.  This case was filed by plaintiff *pro se*
and plaintiff is not admitted to practice in the State of Florida.
Since plaintiff represented himself without the benefit of counsel
admitted in the Middle District of Florida, the request for
attorney's fees to collect on the Fee Agreement will be denied.

### C.

Plaintiff seeks costs and expenses pursuant to Paragraph 5a of
the Fee Agreement wherein defendants agreed to pay all expenses
including travel and mileage fees at 25 cents per mile and travel
time calculated at $50.00 an hour.  Plaintiff has provided a
breakdown totaling $13,259.98.  (See Doc. #1-1 at ¶ 9; Doc. #16 at

¶ 7.)  The motion for default judgment will be granted with respect to this amount, however, the Complaint provides that "[s]ome of the proceeds from the aforesaid modest settlement did reimburse the plaintiff herein for a very small part of the monies he paid and expenses he incurred for the defendants."  (Doc. #1-1 at ¶ 6.) Plaintiff will therefore be required to notify the Court if the amount of costs is due to be reduced by an amount paid from the settlement.

Additionally, to the extent that this amount does not include the additional "chargeable travel expenses exceed[ing] $2,000," Doc. #16 at ¶ 8, plaintiff is permitted to provide additional documentation detailing the *actual* travel expenses expended. Stating that the amount exceeds $2,000.00 is insufficient to grant the default judgment for this amount.

**D.**

Under Paragraph 5c of the Fee Agreement, defendants agreed to pay a 12% per annum service charge on any unpaid balance carried forward more than thirty (30) days after the previous month's bill. The Complaint does not allege that monthly bills were sent without payment and therefore the Court cannot determine whether the interest can be applied, or in what manner.

Accordingly, it is now

**ORDERED:**

1.  Plaintiff's Supplemental Motion for Entry of Default Judgment (Doc. #14) is **GRANTED** as to the costs and expenses as provided above, and otherwise **taken under advisement** pending an opportunity to submit additional supporting documentation as provided above.

2.  If additional supporting documentation is not provided within **THIRTY (30) DAYS** of this Opinion and Order, the Court will direct the entry of judgment limited to costs and expenses totaling $13,259.98.

**DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of September, 2006.


JOHN E. STEELE
United States District Judge




Copies:
Parties of record